UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY,

                      Plaintiff,

        - against -

ROCK COMMUNITY CHURCH, INC.,
FAITH MINISTRIES, INC., and
MARIE PETUELLE CAZI,

                      Defendants.
------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

09 CV 0492 (SJ)(CLP)

On February 6, 2009, plaintiff Guideone Specialty Mutual Insurance Co. ("GuideOne") commenced this action against defendants Rock Community Church, Inc. ("Rock"), Faith Ministries, Inc. ("Faith"), and Marie Petuelle Cazi, alleging that defendants breached the terms and conditions of two insurance policies issued by plaintiff to defendant Faith.

Despite proper service, none of the defendants has answered or otherwise moved in response to the Complaint. On May 29, 2009, plaintiff filed a motion for entry of default, and on June 10, 2009, the Clerk of the Court entered a notation of default. Presently pending before this Court on a referral from the Honorable Sterling Johnson, Jr. is plaintiff's motion for default judgment.

After reviewing the record, this Court respectfully recommends that plaintiff's motion for default judgment be granted. Further, this Court recommends that plaintiff's request for declaratory relief against defendant Rock and Faith be granted, but that plaintiff's request for declaratory relief against defendant Cazi be denied.

## FACTUAL BACKGROUND

Plaintiff is an insurance company incorporated under the laws of the State of Iowa and licensed to issue insurance policies in the State of New York. (Compl.[1] ¶ 1). Defendants Faith and Rock are religious corporations incorporated under the laws of the State of New York. (Compl. ¶¶ 2-3). Defendant Cazi is a citizen of the State of New York. (Compl. ¶ 4). Jurisdiction of this Court is based on the diversity of citizenship of plaintiff, an Iowa citizen, and defendants who are citizens of New York. See 28 U.S.C. § 1332 (2006).

During all times relevant to this proceeding, Rock was a commercial tenant of a building "owned and/or operated and/or managed" by Faith and located at 57-02 Hoffman Drive, Elmhurst, New York. (Compl. ¶¶ 7-8). Pursuant to this lease, GuideOne issued a "commercial general liability" insurance policy ("CGL Policy") to Rock, effective from June 17, 2007 to June 17, 2008. (Id. ¶ 12). Section four of the CGL Policy generally required that GuideOne be "notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (Id. ¶ 15). The notice must include, among other things, how, when, and where the occurrence took place, the names and addresses of the injured parties and witnesses, and the nature of the damage. (Id. ¶ 15) (quoting section IV, subsection 2(a) of the CGL Policy). The Policy further required that if a claim or suit was brought against any insured, the insured was to immediately send to GuideOne the relevant notices and legal papers. (Compl. ¶ 15) (quoting section IV, subsection 2(b) of the CGL Policy). The CGL Policy also mandated that any insured cooperate with GuideOne in the investigation or settlement of any claim and otherwise assist in the enforcement of any right to which this policy may apply. (Compl. ¶ 15) (quoting section IV,

---

[1]Citations to "Compl." refer to plaintiff's Complaint, filed February 6, 2009.

subsection 2© of the CGL Policy).

In addition to listing Rock as an insured under the CGL Policy, the CGL Policy also listed Faith as an additional insured for liability arising out of that part of the building leased to Rock. (Compl. ¶ 14). This extended coverage, however, did not apply to any structural alterations, construction, or demolition operations performed by or for any additional insured. (Id.)

GuideOne also issued a "commercial umbrella liability policy" ("Umbrella Policy") to Rock, effective from June 17, 2007, to June 17, 2008. (Id. ¶ 17). This Umbrella Policy similarly required any insured to promptly notify GuideOne of any "occurrence" that may result in a claim and provide written notice of any suit brought against an insured. (Id.) All insured parties were also required to cooperate in the investigation or settlement of any claim and otherwise assist GuideOne in the enforcement of any right to which the Umbrella Policy may apply. (Id.) It is unclear from the record whether Faith was an additional insured under the Umbrella Policy.[2]

Defendant Cazi alleges that she was injured on or around October 27, 2007, when debris from renovation work being performed on the property leased to Rock fell on her car. (Id. ¶¶ 9-11). Thereafter, on August 15, 2008, Cazi commenced an action in New York State Supreme Court, County of Queens, against Faith as the owner of the property.[3] (Id. ¶ 10).

On October 29, 2008, Marnie Surillo, an alleged officer of both Rock and Faith, notified the insurance broker, Baylis & Geist, Inc., that she had received a summons naming Faith as a defendant in a suit brought to recover damages for the injuries suffered by Cazi as a result of the

---

[2]The Court notes that although plaintiff's Complaint explicitly states that the CGL Policy included Faith as an additional insured, the description of the Umbrella Policy does not include reference to an additional insured section.

[3]See Marie Petuelle Cazi v. Faith Ministries, Inc., Dkt. No. 20538/2008 (Queens Cty).

debris. (Id. ¶ 18). On October 30, 2008, the broker notified GuideOne of the lawsuit. (Id. ¶ 19). According to GuideOne, this was the first notice it received of the occurrence, over a year after Cazi sustained her injuries. (Id. ¶ 20).

Given the fact that the 2008 notice came over a year after the accident, GuideOne commenced an investigation of the accident and assigned an investigator to contact Surillo. (Id. ¶¶ 22-23). By November 13, 2008, the investigator notified GuideOne that Surillo had declined to discuss the matter and failed to return phone messages. (Id. ¶¶ 24-25). GuideOne subsequently learned that there was a witness to the accident who was a member of Rock. (Id. ¶ 26). GuideOne also determined that Lydia Withrow was and is the president of both Rock and Faith, but numerous efforts to meet with Ms. Withrow have been unsuccessful because she has cancelled appointments with the investigator and failed to return calls. (Id. ¶¶ 28-29).

GuideOne subsequently filed this declaratory judgment action on February 6, 2009, alleging that Faith is not an additional insured under section five of the Umbrella Policy because the CGL Policy does not cover damages stemming from structural alterations or construction operations performed by or on behalf of Faith. (Id. ¶ 31). Plaintiff further alleges that both Rock and Faith violated the terms of the CGL Policy and Umbrella Policy. (Id. ¶¶ 34-45). This allegation is based on both Rock's and Faith's alleged failure to notify plaintiff in a timely manner of an occurrence that may result in a claim. (Id.) Plaintiff alleges that although both defendants became aware of the Cazi accident in 2007, neither defendant notified plaintiff in a timely manner of the claim made by Cazi,[4] and both have allegedly failed to cooperate in

---

[4]It is unclear from the Complaint how Rock was alleged to have known about the Cazi lawsuit when Cazi did not name Rock as a defendant in her New York State Court action, and, in the absence of notice, how Rock's alleged failure to notify plaintiff of a claim against it violated

4

GuideOne's investigation of the incident. (Id.) Finally, plaintiff alleges that Cazi violated her duty under New York Insurance Law by failing to notify GuideOne in a timely manner of the injury she sustained on October 27, 2007. (Id. ¶ 47).

Plaintiff seeks a declaration that neither the CGL Policy nor the Umbrella Policy provide coverage for Faith or Rock. (Id. ¶¶ 52-53). Plaintiff also seeks a declaration that it is neither obligated to indemnify nor defend Faith or Rock in the New York State Court action brought by Cazi. (Id.) Finally, plaintiff seeks a declaration that it is neither obligated to defend nor indemnify Faith or Rock in any other action brought by Cazi with respect to the accident on October 27, 2007. (Id.)

## DISCUSSION

A. Default Judgment

    1) Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the clerk of the court automatically enters the default pursuant to Rule 55(a) by notation of the party's default on the clerk's record of the case. See id. Second, after the clerk of the court enters default against a party, if that party fails to appear or otherwise move to set aside the

---

the policies.

default pursuant to Rule 55©, the court may enter default judgment. See Fed. R. Civ. P. 55(b).

In determining whether to enter a default judgment, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored" and doubts should be resolved in favor of the defaulting party. Id. Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

The court has significant discretion to consider a number of factors in deciding whether to grant a default judgment, including whether the grounds for default are clearly established, and the amount of money potentially involved – the more money involved, the less justification for entering the default judgment. See Hirsch v. Innovation Int'l, Inc., No. 91-CV-4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992). Additionally, the Court may consider whether material issues of fact remain, whether plaintiff has been substantially prejudiced by the delay involved, whether the default judgment might have a harsh effect on the defendant, and whether the facts alleged in the complaint state a valid cause of action. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); 10A Charles Alan Wright et al., Federal Practice and Procedure, §§

2685, 2688, at 32-38, 57-63 (3d ed. 1998).

Whether the facts alleged in the complaint state a valid cause of action is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to provide merely "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Although courts have interpreted this language broadly, the Supreme Court recently raised the pleading standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In that case, the Court interpreted Rule 8 to require a plaintiff to allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir. 2008) (noting that Twombly altered the pleading standard by requiring "factual allegations sufficient to raise a right to relief above the speculative level"). The Second Circuit recently explained that, "[t]his requires alleging 'enough facts to raise a reasonable expectation that discovery will reveal evidence' to prove the claim." Panther Partners Inc. v. Ikanos Commc'ns Inc., No. 08 CV 3398, 2009 WL 2959883, *1 (2d Cir. Sept. 17, 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556).

2) Application

Having reviewed the prior proceedings in this case, the Court respectfully recommends that judgment be entered in favor of plaintiff on claims one through three and five through seven, but denied on claims four and eight

It is beyond dispute that defendants are in default. Plaintiff has submitted proof of service with respect to each defendant, demonstrating that they were properly served with the Summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. (See Affidavit of Dan Kohane, Esq., in Support of Request to Enter the Default of Defendants,

dated May 29, 2009, ¶¶ 5-7, Exs. A-C). Despite proper service, defendants did not respond to the Complaint, nor did they respond to plaintiff's motion for entry of default or plaintiff's motion for default judgment. See Hirsch, 1992 WL 316143, at *2 (stating that a defendant's failure to oppose a motion for entry of default judgment is significant in determining whether defendant is in default). Defendants also failed to oppose the clerk of the court's entry of default, which can be set aside for good cause under Rule 55© of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55©. Given the numerous opportunities afforded defendants, and their apparent lack of interest in participating in these proceedings, the Court finds no compelling reason to delay further.

Having established that defendants are in default, the Court must consider whether to enter default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 95. Taking plaintiff's allegations as true, plaintiff has stated a valid cause of action against Rock for its alleged breach of the terms of the policies by failing to notify GuideOne of an occurrence and by failing to cooperate with GuideOne in an investigation.[5] (Compl. ¶¶ 34-36). Plaintiff has also stated a valid cause of action against Faith for its alleged breach of the policy terms in failing to notify GuideOne of an occurrence, failing to cooperate with GuideOne in an investigation, and failing to notify GuideOne of a claim against it. (Id. ¶¶ 41-45). Moreover, plaintiff properly alleges the exclusion of Faith as an additional insured under the Umbrella Policy and the lack of coverage as to Faith under the CGL Policy for liability arising out of structural alterations. (Id. ¶ 31). Defendants have not appeared in the action and have not contested the accuracy of any of

---

[5]See supra text accompanying note 4. Whether Rock violated either policy for failing to notify GuideOne of a pending claim is only one cause of action among eight pleaded by plaintiff.

plaintiff's allegations. Therefore, the Court finds that plaintiff has established valid claims against defendants Rock and Faith. See Pope v. United States, 323 U.S. 1 (1944); see also Fed. R. Civ. Pro. 8(d).

The Court notes that a default judgment here would resolve delay-induced prejudice to plaintiff's business by providing certainty in its unliquidated liability and potential costly litigation with Rock and Faith. See Federal Practice and Procedure, § 2685, at 33-34 (3d ed. 1998). Although default judgment may impose costs on the defendants – including a denial of coverage – default judgment will not unduly prejudice defendants who remain free to litigate the underlying state court negligence claim. (Id. at 36-37). Moreover, given that defendants chose not to appear or otherwise respond to this action, these costs are outweighed by plaintiff's interest in resolving the dispute and in efficiently disposing of this civil matter.

### a) Fourth Cause of Action

While default judgment is appropriate for certain claims against Rock and Faith, plaintiff's Complaint includes two claims that do not fulfill pleading standards. Plaintiff alleges in the Fourth Cause of Action that Rock violated both insurance policies by failing to notify GuideOne of a claim against it. (Compl. ¶ 38). Rock, however, was not named as a defendant in Cazi's state court action and would therefore not have been served with papers in the case.[6] At the inquest hearing held on September 18, 2009 before the undersigned, the Court asked GuideOne's counsel to explain the theory under which Rock could be held responsible for failing to notify plaintiff of a lawsuit in which Rock was not named as a party. Counsel argued that because Rock and Faith share the same personnel to such extent as to make them one entity, it

---

[6] See supra text accompanying note 4.

can be assumed that if Faith received notice of the state litigation, Rock was equally aware.

The Complaint, however, does not contain any allegations that Rock and Faith are alter egos or that they share officers, employees, or any of the other indicia normally required to hold an entity responsible under an alter ego theory. See William Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir. 1991). In the absence of such allegations or any other documentation to support counsel's argument, the Court is reluctant to find alter ego liability, particularly in the context of a default. See Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Without additional facts, this claim is not plausible on its face; the Complaint contains nothing that shows how or why Rock and Faith are alter egos of each other. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 556.

Nonetheless, GuideOne's failure to support this argument does not alter the Court's recommendation to grant default judgment because GuideOne successfully pleaded alternative breaches by Rock of the Policies' terms. Specifically, GuideOne alleged that Rock failed to cooperate in the investigation and failed to notify GuideOne of the potential claim of Cazi, duties imposed regardless of the state court lawsuit. (Compl. ¶¶ 34, 36).

### b) Eighth Cause of Action

GuideOne also alleges in the Eighth Cause of Action that defendant Cazi violated her duty under the "Insurance Law of the State of New York" to notify GuideOne of her accident and claim against Faith. (Id. ¶ 47). However, other than this conclusory allegation and the following paragraph implying that this failure constitutes a breach of the terms of the policies, there are no facts alleged in the Complaint, nor is there a specific statutory provision cited, to support this claim for relief. (Id.) When pressed by the Court about this allegation at the September 18, 2009

10

inquest hearing, GuideOne's counsel argued that Section 3420 of New York Insurance Law establishes this obligation on the part of an injured party. See N.Y. Ins. Law § 3420 (McKinney 2009).

Section 3420 provides, in relevant part, that "written notice by . . . the injured person . . . to any licensed agent of the insurer . . . shall be deemed notice to the insurer." Id. § 3420(a)(3). The New York Court of Appeals has interpreted this language to allow "an injured third party [to] seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident." Gen. Accident Ins. Group v. Cirucci, 387 N.E.2d 223, 224-25, 46 N.Y.2d 862, 863-64 (1979). Section 3420(a)(3) is designed to protect an injured party from being denied recovery because of the insured's "irresponsibility, obduracy or neglect." Lauritano v. Am. Fidelity Fire Ins. Co., 3 A.D.2d 564, 568, 162 N.Y.S.2d 553, 556 (1st Dep't 1957), aff'd, 152 N.E.2d 546, 4 N.Y.2d 1028 (1958).

To assert this right, an injured party must act reasonably in providing notice. Walters v. Atkins, 179 A.D.2d 1067, 1068, 579 N.Y.S.2d 525, 527 (4th Dep't 1992) (stating that an injured party is held to a less rigid standard than the insured party would be when providing notice). A court is afforded significant discretion in determining the reasonableness of notice. Lauritano v. Am. Fidelity Fire Ins. Co., 3 A.D.2d at 568, 162 N.Y.S.2d at 557 (stating that "[t]he passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance"). An injured party, however, need not provide any notice to maintain a direct action under Section 3420(a)(3) if the insurer has received reasonable written notice by or on behalf of the insured. Pitts v. Aetna Cas. & Sur. Co., 218 F.2d 58, 61 (2d Cir. 1954).

Here, GuideOne has not made any representations as to whether or why Cazi's right to

bring a direct action under Section 3420 has been extinguished. GuideOne first received written notice from Rock and Faith's insurance broker of the Cazi accident and New York State court claim on October 30, 2008. (Compl. ¶¶ 18-20). Although GuideOne has questioned whether this notice fulfilled the Policies' requirement of "prompt" notice (id. ¶ 22), GuideOne's Complaint is silent as to how this notice fails to fulfill the less rigid reasonable notice standard required of the injured party under Section 3420. Over a year of elapsed time between the incident and written notice may be unreasonable, but no firm time-based rule exists; reasonableness is based on circumstance. Lauritano v. Am. Fidelity Fire Ins. Co., 3 A.D.2d at 568, 162 N.Y.S.2d at 557. Consequently, in the absence of any facts alleged as to the basis of Cazi's duty under the policies, the Court has no information upon which to base a finding that Cazi violated any duty or obligation to GuideOne. Lacking this information, plaintiff's Complaint with respect to this claim is speculative at best, see Boykin v. Keycorp, 521 F.3d at 213, and fails under Twombly. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. Therefore, the Court cannot recommend that plaintiff's request for a default judgment be granted with respect to this claim.

Accordingly, the Court respectfully recommends that plaintiff's motion for default judgment be granted as to claims one to three and five to seven, but denied as to claims four and eight.

B. Declaratory Judgment

Having determined that the Court should enter default judgment on certain claims, the Court now turns to whether to grant the relief requested by plaintiff. In this action, plaintiff does not seek a monetary award; rather it seeks a declaratory judgment that it is not required to

provide coverage to Rock, Faith, or Cazi under either the CGL or the Umbrella Policies.

1) Standard

The Federal Declaratory Judgment Act of 1934 provides: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Further, Rule 57 of the Federal Rules of Civil Procedure states that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ P. 57.

Declaratory judgment is appropriate when there exists a "substantial controversy[] between parties having adverse legal interests, of sufficient immediacy and reality." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (holding that declaratory relief is available to an insurance company alleging it was not liable to defend or indemnify an insured). Interpreting this standard, the Second Circuit instructs district courts to use two criteria when ruling on a request for declaratory relief: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether the judgment would finalize the controversy and offer relief from uncertainty." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005) (citing Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969), cert. denied, 397 U.S. 1064 (1970)).

2) Analysis

Based on a review of the record, the Court respectfully recommends granting plaintiff's

request for declaratory relief against defendants Rock and Faith.[7]

This case presents an immediate "substantial controversy" almost identical to that considered by the Supreme Court in <u>Maryland Casualty</u> – namely, whether and to what extent an insurance company is liable for future coverage. <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. at 273. Accordingly, the grant of declaratory judgment will undoubtedly clarify and settle the legal issue of whether GuideOne is responsible for providing coverage to defendants Rock and Faith. <u>Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 411 F.3d at 389. Indeed, declaratory judgment would resolve GuideOne's obligations to defendants Rock and Faith in connection with the Cazi accident in 2007. Further, declaratory judgment will also "finalize the controversy and offer relief from uncertainty." (<u>Id.</u>) GuideOne brought this action solely to resolve its unliquidated liability, and the declaratory judgment requested finalizes this uncertainty by defining GuideOne's obligations to defendants Rock and Faith.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion for default judgment be granted as to plaintiff's claims one through three and five through seven, but denied as to claim four and eight. Further, this Court recommends that plaintiff's request for declaratory relief against defendant Rock and Faith be granted but that plaintiff's request for declaratory relief against defendant Cazi be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the

---

[7]The Court need not discuss plaintiff's request for declaratory relief against defendant Cazi because plaintiff failed to state a valid cause of action against her. Accordingly, such relief cannot be granted.

Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to mail copies of this Report and Recommendation to the parties.

**SO ORDERED.**

Dated: Brooklyn, New York
December 9, 2009

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge